UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| TERRENCE SAWTELLE, | ) | |
|---|---|---|
| Petitioner, | ) ) | |
| | ) | 1:17-cr-00125-JDL-2 |
| v. | ) | 1:19-cv-00250-JDL |
| | ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 142.) Following a guilty plea, Petitioner was convicted of conspiracy to manufacture, distribute, and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846 (the Controlled Substances Act); the Court sentenced Petitioner to twelve months and a day in prison to be followed by three years of supervised release. (Judgment, ECF No. 134.) Petitioner did not appeal from the conviction or sentence.

Petitioner claims his counsel was ineffective because counsel did not assert a fourth amendment challenge and fifth amendment due process challenge to the Controlled Substances Act. The Government maintains that dismissal is warranted because Petitioner has failed to demonstrate that the Controlled Substances Act is susceptible to a constitutional challenge or that his counsel was ineffective.

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2014, several individuals began growing and processing marijuana at a facility in Frankfort, Maine. (Prosecution Version at 1, ECF No. 90.) Petitioner and a co-defendant obtained marijuana from the facility with the intent to sell the marijuana from a certain location in Bangor, Maine. (*Id.*) On May 12, 2016, after obtaining a search warrant, law enforcement officers searched the facility and found marijuana and items used to manufacture and process marijuana. (*Id.* at 1 – 2.)

On three dates in July and August 2016, a confidential informant purchased marijuana from Petitioner. (*Id.* at 2.) In total, the confidential informant purchased 50.4 grams of marijuana from Petitioner. (*Id.*) On August 25, 2016, pursuant to a search warrant, law enforcement officers searched the Bangor location and found more than three pounds of marijuana and multiple digital scales. (*Id.*) During an interview conducted after execution of the search warrant, Petitioner admitted to law enforcement officials his involvement in the conspiracy. (*Id.*)

On September 14, 2017, Petitioner was indicted on one count of conspiracy to manufacture, distribute, and possess with the intent to distribute fifty kilograms or more of marijuana and fifty or more marijuana plants. (Indictment, ECF No. 2.) On June 28, 2018, Petitioner pled guilty to the charge. (Change of Plea Hearing, ECF No. 92.) On February 12, 2019, the Court sentenced Petitioner to 12 months and a day in prison to be followed

by three years of supervised release. (Judgment, ECF No. 134.) Petitioner did not appeal from the judgment. Petitioner filed his section 2255 motion on June 3, 2019.

## DISCUSSION

### A. Legal Standard

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes

a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d

233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Analysis of Claim**

Petitioner first contends that his counsel should have asserted a substantive due process argument as to the criminalization of marijuana. A long line of Supreme Court

5

decisions interpreted "the Fifth and Fourteenth Amendments' guarantee of 'due process of law' to include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301 – 02 (1993); *see also Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992).

Regardless of the nature of the substantive due process challenge, Petitioner's argument fails. The Controlled Substances Act has been deemed a valid exercise of congressional authority under the Commerce Clause, *see Gonzalez v. Raich*, 545 U.S. 1 (2005), and any claimed fundamental right to use, possess, or distribute marijuana is unavailing. *See, Dee v. United States*, 241 F. Supp. 2d 50, 51 (D. Me. 2003) ("It has long been established that use of marijuana is not a fundamental right protected by the Constitution"); *Giles v. United States*, 2017 WL 3971282, * 18 (W.D.N.C. Sept. 8, 2017) ("It has been repeatedly held that there is no fundamental right to use or possess or distribute marijuana"). Because the substantive argument Petitioner contends his counsel should have asserted lacks merit, Petitioner's ineffective assistance claim fails. *See Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990) (failure to raise meritless claim does not constitute ineffective assistance).

Petitioner's claim that counsel was ineffective because he failed to assert a fourth amendment challenge also fails. Petitioner has failed to identify a fourth amendment challenge with any merit that counsel should have asserted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of December, 2019.